UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| RUSSELL YEAGER, | ) | 3:11-CV-0515-LRH (VPC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | March 9, 2012 |
| | ) | |
| ALVAREZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   LISA MANN           REPORTER: NONE APPEARING

COUNSEL FOR PETITIONER(S): NONE APPEARING

COUNSEL FOR RESPONDENT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion for class action and/or appointment of counsel (#12). Defendants have opposed the motion (#29), and plaintiff has replied (#35).

Plaintiff has failed to meet at least two of the requirements listed under Fed.R.Civ.P. 23 governing class actions. First, he has failed to identify that the prospective members of the class are so numerous that joinder of members is impracticable, and he has also failed to demonstrate that he will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(1) & (4).[1] Plaintiff is without the authority to litigate on behalf of other prisoners. *See, e.g., Carter v. Taylor,* 540 F.Supp.2d 522, 527 (D.Del. 2008); *Reed v. Bd. of Prison Terms*, No. C 03-2917, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself"). Therefore, plaintiff's motion for class certification (#12) is **DENIED**.

Plaintiff's motion for appointment of counsel (#12) is also **DENIED**. A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United*

---

[1] Plaintiff may very well fail on the other two requirements of Rule 23 as well in that two of his claims are concerning his own personal property and not the property of the purported class. However, the complaint does not provide sufficient information for the court to rule on this ground. Fed.R.Civ.P. 23(a)(3).

*States District Court for the Southern District of Iowa*, 490 U.S. 296, 109 S.Ct. 1814 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332 (9th Cir. 1990). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The court exercises discretion in making this finding.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The court is faced with similar cases almost daily. The court will not enter an order directing the appointment of counsel in this case. The plaintiff has demonstrated that he is able to litigate this case on his own. He has filed a complaint and motions with the court. The plaintiff may have the assistance of law clerks at the prison.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By:_____/s/_____
       Deputy Clerk