UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL YEAGER ) | |
| ) | |
| Plaintiff, ) | 3:11-cv-00515-LRH-VPC |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| ALVAREZ, ET AL. ) | |
| ) | May 10, 2012 |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a preliminary injunction (#13).[1] Defendants opposed (#38) and plaintiff replied (#46). After a thorough review of the record, the court recommends that plaintiff's motion for a preliminary injunction (#13) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Russell Yeager ("plaintiff"), a *pro se* inmate, is currently incarcerated at High Desert State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#44). However, the events giving rise to plaintiff's complaint and his instant motion occurred at Lovelock Correctional Center ("LCC") (#5). Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments, and violations under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id*. Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and plaintiff's remaining claims allege violations under the First and Fourteenth Amendments, and RLUIPA against NDOC Director James "Greg" Cox, former NDOC Deputy Director Don Helling, Chaplain Richard Garcia, and correctional officers Sean

---

[1] Refers to the court's docket number.

Alvarez and Rudy Garcia ("defendants") (#3).

In counts I and II, plaintiff alleges that when NDOC placed him in disciplinary segregation for fifteen days, defendants Alvarez and Garcia confiscated his religious property, including books, literature, and other items, at the direction of Chaplain Garcia (#5, pp. 4-8). Plaintiff claims that defendants acted intentionally to interfere with and substantially burden his religious practice. *Id*. Plaintiff further states that prison officials did not confiscate the religious property of other similarly situated inmates. *Id*.

In count III, plaintiff alleges that defendants Cox and Helling's implementation of Administrative Regulation ("AR") 810 violates his First and Fourteenth Amendment rights and his rights pursuant to RLUIPA. *Id*. at 9-10. Plaintiff claims that he is prohibited from possessing certain items to practice his religion that other similarly situated inmates are allowed to have for their religions. *Id*. Plaintiff states that the list of NDOC-recognized religions set forth in AR 810 does not include items central to his religion. *Id*. at 10.[2] Plaintiff practices the Thelema religion (#38, Ex. G, p. 7).[3]

Plaintiff filed the present motion for injunctive relief on December 28, 2011 (#13). In his motion, plaintiff asks for dietary accommodations, permission to use a fire source other than wood for religious practice, and permission to purchase religious music (#13, pp. 2-6). Plaintiff also contends that NDOC officials, which he does not identify, confiscated his religious property pursuant to AR 810. *Id*. at 14. Plaintiff asks the court to enjoin prison officials from enforcement of AR 810. *Id*.

Defendants oppose plaintiff's motion and contend that plaintiff's allegations regarding an alternate diet, the use of a fire for religious worship, and religious music are not relevant to his underlying complaint (#38, p. 6). Based on plaintiff's own admissions, the allegations in his motion for injunctive relief occurred after the filing of his complaint. *Id*. at 7. Lastly, defendants contend that plaintiff cannot meet the requirements for injunctive relief. *Id*. Defendants attach copies of

---

[2] Plaintiff does not specify which items he is prohibited from possessing.

[3] Thelema is a spiritual pagan religion or practice.

2

grievances and affidavits in support of their opposition.

In reply, plaintiff asserts that he requests an injunction "concerning the application and enforcement of AR 810" (#46, p. 1). Plaintiff states that his request is related to count III of his complaint. *Id*. at 2. Plaintiff also discusses his arguments regarding an alternate diet, use of fire, and religious music. *Id*. at 3-5. Plaintiff claims that he fears confiscation of his religious property. *Id*. at 6. Plaintiff reiterates the facts alleged in his complaint related to his equal protection claims. *Id*. at 7-8.

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

**A.  Discussion**

### 1.  Preliminary Injunction Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The instant motion requires that the court determine whether plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d. 1045, 1049-50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*,

the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 622 F.3d. at 1049. In light of the *Winter* decision, however, the Ninth Circuit has indicated, "[t]o the extent our cases have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking Assocs. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). Accordingly, plaintiff is required to make a showing on all four of the preliminary injunction requirements.

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal

courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

**B.     Analysis**

      **1.     Plaintiff Seeks to Enjoin Conduct Unrelated to this Litigation**

Plaintiff asks the court for injunctive relief from conduct which is unrelated to the present lawsuit. The Supreme Court has held that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* A court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983). Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint. Plaintiff's pending lawsuit includes claims related to the confiscation of religious property in April 2010 and claims related to the enforcement of AR 810. In his complaint, plaintiff alleges that on April 10, 2010, defendants confiscated his religious property including books and literature (#5, p. 4). Plaintiff further alleges that AR 810 proscribes certain items which plaintiff needs for religious worship. *Id*. at 9. In his motion for injunctive relief, plaintiff alleges NDOC prison officials violated his constitutional rights when, after the filing of his complaint, they refused to accommodate "an entirely vegetarian diet" (#13, p. 2). Plaintiff also claims that defendants violated his rights because "shortly after bringing the instant complaint, the use of a fire source other than wood was prohibited." *Id*. at 4. Plaintiff contends that on August 30, 2011, after the filing of his complaint, NDOC implemented a policy which restricts the purchase of music. *Id*. at 6. Lastly, plaintiff reiterates count III of his complaint regarding certain religious items which are not permitted according to AR 810. *Id.* at 14. Plaintiff asks the court to enjoin "defendant prison officials" from:

(1) denying plaintiff a dietary accommodation; (2) enforcing policies which prohibit the use of paper as a fire source; and (3) enforcing AR 810 against plaintiff (#13).

Plaintiff does not link the conduct in this motion to the conduct in the present lawsuit. In his underlying complaint, plaintiff alleges violations related only to the confiscation of religious property and his ability to possess religious items. In his instant motion, he alleges violations related to his diet, the use of fire as a religious practice, and his ability to purchase religious music. New unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, the plaintiff must file a new action. Moreover, the only prison official that plaintiff identifies in his instant motion is correctional officer Sorci, who is not a defendant in the underlying lawsuit. *Id.* at 5. The court does not have jurisdiction to decide plaintiff's motion for injunctive relief as his motion alleges different claims than the claims in his complaint, and involves individuals who are not defendants in the present lawsuit.

### 2. Alleged Confiscation of Religious Items

Plaintiff alleges in count III of his complaint that AR 810 prohibits certain religious items which he needs for the practice of his religion (#5, p. 9). To the extent plaintiff alleges violations related to count III of his complaint, he does not meet the standard for preliminary injunctive relief. In his motion for injunctive relief, plaintiff reiterates the facts of count III of his complaint and asks the court to enjoin prison officials from enforcement of AR 810 (#13, p. 21).

#### a. Likelihood of Success on the Merits

To succeed on the merits of his claims under the First Amendment, plaintiff must show that defendants have burdened the practice of his religion without a justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 884 (2008). Plaintiff has not shown he is likely to succeed on the merits of his First Amendment claims because he offers no evidence that confiscation of certain items burdened the practice of his religion. Nor does he show that AR 810 is not rationally related to legitimate government interests. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). As discussed below, plaintiff practices his religion freely and may possess religious property and use the outdoor grounds for worship. Although plaintiff may not possess any

religious item he requests, defendants have legitimate reasons for restricting the types of religious property an inmate may have.

To establish a RLUIPA violation, plaintiff must show that the defendants imposed a substantial burden on his religious exercise. *See Warsoldier v. Woodford,* 418 F.3d 989, 994 (9th Cir. 2005). Once plaintiff shows a substantial burden on his exercise of religion, defendants must prove that the burden both furthers a compelling governmental interest and is the least restrictive means of achieving that interest. *Id*. at 995. Plaintiff fails to show that prohibition of certain religious items prevents him from "engaging in religious conduct or having a religious experience." *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1091 (9th Cir. 2008). Plaintiff claims there is a substantial burden because he fears disciplinary action or loss of items. However, plaintiff is required to show a substantial burden on his religious exercise. According to Chaplain Garcia, plaintiff and all Thelemites may possess approved religious property, but some items are prohibited for safety and security purposes (#36, Ex. G). Thelemites may possess sage sticks, have access to outdoor grounds, have indoor group study, and plant grass on their grounds. *Id*. Moreover, plaintiff is currently the designated groundskeeper for the Thelema grounds. *Id*. at 6. Plaintiff has not demonstrated a substantial burden on his practice of religion.

Lastly, under the Equal Protection Clause, plaintiff must show that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). Plaintiff must show evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff does not address his equal protection claims in discussing the requirements for preliminary injunctive relief. Plaintiff does not provide evidence that defendants enforced AR 810 against plaintiff with the discriminatory intent to interfere with and substantially burden his religious exercise. In fact, plaintiff has been provided a reasonable opportunity to pursue his faith and there is no evidence of intentional discrimination.

### b. Likelihood of Irreparable Harm

"Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 367. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ( per curiam)). Courts generally look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. Cal. Bd. of Med. Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991). As plaintiff has not demonstrated that his rights were violated, plaintiff has not offered evidence that he is likely to be irreparably injured. Plaintiff claims that irreparable harm is inevitable because his First Amendment freedoms are at risk (#13, p. 9). A First Amendment violation may constitute irreparable injury; however, plaintiff has not demonstrated a likelihood of success on his First Amendment claim. *See Sammartano v. First Judicial District Court*, *County of Carson City*, 303 F.3d 959, 973 (9th Cir. 2002). Plaintiff has not presented evidence to show a likelihood of irreparable injury if the court does not enjoin the enforcement of AR 810.

### c. Balance of Hardships

The balance of hardships does not tip sharply in plaintiff's favor. Issuance of any preliminary injunctive relief would require this court to significantly interfere with NDOC Administrative Regulations. Plaintiff's motion does not warrant interference with NDOC's internal policies and regulations. Therefore, the balance of equities does not favor issuance of an injunction.

### d. Public Interest

Ordering NDOC to enjoin from enforcing AR 810 as to this plaintiff does not benefit the public interest because the court is not in a position to decide security decisions in prisons. *See Turner v. Safley*, 482 U.S. at 89 (holding that the courts should not subject security-related judgments of prison officials to strict scrutiny). Here, the public is not served where the court's order would potentially compromise the safety and security of the prison by allowing plaintiff to

8

possess religious items which are prohibited for safety reasons.

The court recommends that plaintiff's motion for injunctive relief (#13) be denied because the claims in the motion are largely unrelated to the allegations in plaintiff's present lawsuit. Furthermore, as to the allegation which appears to relate to AR 810 and count III of his complaint, plaintiff does not demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm related to his underlying claim, that the balance of equities tips in his favor, or that an injunction is in the public interest.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for preliminary injunctive relief (#13) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for preliminary injunctive relief (#13) be **DENIED**.

**DATED:** May 10, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**