**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RUSSELL YEAGER ⟩

⟩ Plaintiff, ⟩        3:11-cv-00515-LRH-VPC

⟩

v. ⟩

⟩        **REPORT AND RECOMMENDATION**
⟩        **OF U.S. MAGISTRATE JUDGE**

⟩

ALVAREZ, *et al.*, ⟩

⟩        May 30, 2012
Defendants. ⟩

⟩

        This Report and Recommendation is made to the Honorable Larry R. Hicks, United States

District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion styled "Emergency Motion to

Enjoin Retaliation," which the court analyzes as a motion for a temporary restraining order and/or

preliminary injunction (#41).[1]  Defendants opposed (#48) and plaintiff replied (#52).  After a

thorough review of the record, the court recommends that plaintiff's motion for a temporary

restraining order and/or preliminary injunction (#41) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

        Plaintiff Russell Yeager ("plaintiff"), a *pro se* inmate, is currently incarcerated at High Desert

State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#44).

However, the events giving rise to plaintiff's underlying complaint occurred at Lovelock

Correctional Center ("LCC") (#5).  Plaintiff brings his amended complaint pursuant to 42 U.S.C. §

1983, alleging violations of the First, Eighth, and Fourteenth Amendments, and violations under the

Religious Land Use and Institutionalized Persons Act ("RLUIPA").  *Id.*  Pursuant to 28 U.S.C. §

1915A, the court screened the complaint and plaintiff's remaining claims allege violations under the

First and Fourteenth Amendments, and RLUIPA against NDOC Director James "Greg" Cox, former

---

        [1]        Refers to the court's docket number.  Plaintiff also filed related motions (#45, #47, #56)
which the court will address.

NDOC Deputy Director Don Helling, Chaplain Richard Garcia, and correctional officers Sean Alvarez and Rudy Garcia ("defendants") (#3).

In counts I and II, plaintiff alleges that when NDOC placed him in disciplinary segregation for fifteen days, defendants Alvarez and Garcia confiscated his religious property, including books and literature at the direction of Chaplain Garcia (#5, pp. 4-8). Plaintiff claims that defendants acted intentionally to interfere with and substantially burden his religious practice. *Id*. Plaintiff further states that prison officials did not confiscate the religious property of other similarly situated inmates. *Id*.

In count III, plaintiff alleges that defendants Cox and Helling's implementation of Administrative Regulation ("AR") 810 violates his First and Fourteenth Amendment rights and his rights pursuant to RLUIPA. *Id*. at 9-10. Plaintiff claims that he is prohibited from possessing certain items to practice his religion that other similarly situated inmates are allowed to have for their religions. *Id*. Plaintiff states that the list of NDOC-recognized religions set forth in AR 810 does not include items central to his religion. *Id*. at 10.[2] Plaintiff practices the Thelema religion (#38, Ex. G, p. 7).[3]

Plaintiff filed an earlier motion for injunctive relief on December 28, 2011, which the court recommended be denied because plaintiff's motion alleged claims unrelated to the underlying lawsuit and plaintiff did not meet the requirements of preliminary injunctive relief (#13). Plaintiff filed the present motion for injunctive relief on March 7, 2012 (#41). In his motion, plaintiff now asks the court "to enjoin retaliation" related to his transfer to HDSP. *Id*. at 1. Plaintiff states that he is currently pending release on parole and may be transferred to HDSP. *Id*. at 3. Plaintiff believes the "transfer is predicated upon evil intent and not any legitimate purpose." *Id*. Plaintiff argues that he has "a protectable [sic] right to be free from abuse and violence" and a "right to access the court." *Id*. at 4. Plaintiff alleges that NDOC caseworker Harkreader retaliated against him because he filed a lawsuit, and he now asks the court to enjoin such retaliation. *Id*. at 5. Plaintiff alleges a First

---

[2]     Plaintiff does not specify which items he is prohibited from possessing.

[3]     Thelema is a spiritual pagan religion or practice.

Amendment retaliation claim and an access to courts claim against Mr. Harkreader.  On March 15, 2012, NDOC transferred plaintiff to HDSP (#44).  Plaintiff subsequently filed a "notice to the court of retaliation" (#45), "supplemental motion and notice of facts in support of plaintiff's claims of retaliatory transfer (#47), and a supplement to his reply (#56).  These additional filings concern plaintiff's allegations of retaliation and access to the courts stemming from his transfer to HDSP.

Defendants oppose plaintiff's motion and contend that: (1) plaintiff cannot demonstrate that he has exhausted his administrative remedies with regard to his new First Amendment retaliation and access to the courts claims; and (2) plaintiff is improperly seeking injunctive relief for new claims unrelated to his underlying lawsuit (#48, p. 2).[4]  Lastly, defendants argue that plaintiff does not demonstrate the likelihood of success on the merits necessary for injunctive relief.  *Id*.

Plaintiff replies that defendants are "skewing facts which are not relevant to matters before the court" (#52, p. 1).  Plaintiff contends that he exhausted his administrative remedies as to his retaliation claims in January 2011.  *Id*.  Plaintiff argues that his retaliation claim is included in count III of his complaint.  *Id*. at 4.

The court notes that the plaintiff is proceeding *pro se*.  "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  DISCUSSION & ANALYSIS

**A.    Discussion**

**1.  Temporary Restraining Order Legal Standard**

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction.  *See* Fed. R. Civ. P. 65(b); 11A

---

[4]    The court notes that a failure to exhaust is an affirmative defense that defendants must raise and prove.  *See Jones v. Bock*, 549 U.S. 199, 212-17 (2007).  However, this defense is raised in a motion to dismiss if plaintiff filed a lawsuit based on an alleged First Amendment retaliation claim.  Here, plaintiff did not file a lawsuit based on this claim.  The court will address defendants' argument that plaintiff seeks to enjoin conduct unrelated to the underlying lawsuit.

3

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (3d. 1998).  Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction.  *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted).  Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 17 (2008) (citation and quotation omitted).  The instant motion requires the court to determine whether plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 17 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another.  *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d. 1045, 1049-50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005).  In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions.  *See Winter*, 555 U.S. 7 at 51 (Ginsburg, J., dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d. at 1131.  In light of the *Winter* decision, however, the Ninth Circuit determined that the Circuit's sliding-scale approach, or "serious questions" test "survives . . . when applied as part of the four-element *Winter* test."  *Alliance*, 632 F.3d. at 1131-32.  "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an

injunction, assuming the other two elements of the *Winter* test are also met." *Id*. The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to the likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id*.

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore*, 220 F.3d at 999.

**B.    Analysis**

Plaintiff asks the court for injunctive relief from conduct which is unrelated to the present

lawsuit.  The Supreme Court has held that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945).  A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.*  A court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983).  Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint.  Plaintiff's pending lawsuit includes claims related to the confiscation of religious property in April 2010 and claims related to the enforcement of AR 810.  In his complaint, plaintiff alleges that on April 10, 2010, defendants confiscated his religious property including books and literature (#5, p. 4).  Plaintiff further alleges that AR 810 proscribes certain items which plaintiff needs for religious worship.  *Id.* at 9.  Plaintiff's underlying complaint concerns his rights to practice religion in prison.  However, in his motion for injunctive relief, plaintiff alleges that caseworker Harkreader retaliated against plaintiff when he transferred plaintiff to HDSP because of plaintiff's protected conduct (#41, p. 5).  Plaintiff asks the court to enjoin the retaliatory transfer and in related motions and filings, he asks the court to return him to LCC and protect his right to access to the court (#45, #47, #56).[5]

Plaintiff does not link the conduct in this motion to the conduct in the present lawsuit.  In his underlying complaint, plaintiff alleges violations related only to the confiscation of religious property and his ability to possess religious items.  In his instant motion, he alleges a First Amendment retaliation claim related to his transfer from LCC to HDSP and a First Amendment access to courts claim.  These allegations do not relate to plaintiff's underlying claims regarding his religious rights and rights to equal protection.  While plaintiff believes his instant motion relates

---

[5]        Since the filing of his motion (#41), NDOC transferred plaintiff to HDSP (#44).  He now requests that the court return him to LCC and allow him to access the courts.

to count III of his complaint, the court is not convinced that such a relationship between these matters exists.  New unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, the plaintiff must file a new action.  Moreover, plaintiff appears to allege in his instant motion that caseworker Harkreader, who is not a defendant in the underlying lawsuit, caused the retaliatory transfer and violation of plaintiff's access to the courts.  The court does not have jurisdiction to decide plaintiff's motion for injunctive relief, as his motion alleges different claims than the claims in his complaint, and involves individuals who are not defendants in the present lawsuit.

Due to these procedural deficiencies, the court will not undertake a full analysis of plaintiff's request for injunctive relief.  However, the court notes that plaintiff does not attempt to meet the standard for the granting of injunctive relief and does not address the requirements for granting a preliminary injunction.  Plaintiff did not demonstrate that he is likely to succeed on the merits of his claims because defendants provide evidence that NDOC transferred plaintiff to HDSP to assist him in his efforts for release and not in retaliation against plaintiff (#48-1).  As plaintiff has submitted multiple motions to the court since his transfer to HDSP, his claim regarding access to the courts is not likely to succeed on the merits.  Plaintiff's motion does not warrant interference with NDOC's internal processes.  Therefore, the balance of equities does not favor issuance of an injunction.  Finally, the public interest is not served by allowing plaintiff to use the underlying lawsuit as a platform for unrelated grievances.[6]

The court recommends that plaintiff's motion for injunctive relief (#41) and related motions (#45, #47, #56)[7] be denied because the allegations in the motions are not related to the allegations in plaintiff's present lawsuit and involve individuals who are not defendants in the present lawsuit.

---

[6]     Ordering NDOC to transfer plaintiff to another facility is not in the public interest because the court is not in a position to decide security decisions in prisons. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that the courts should not subject security-related judgments of prison officials to strict scrutiny). Since his transfer, an LCC inmate has requested, and NDOC approved, to list plaintiff as an enemy (#48-1). Thus, defendants contend that plaintiff cannot be returned to LCC.

[7]     In each of plaintiff's related motions or "notices" to the court, he alleges a claim of retaliation or access to the courts, and asks the court to intervene and return him to LCC.

Furthermore, plaintiff did not demonstrate that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for prospective injunctive relief (#41) and related motions (#45, #47, #56) be **DENIED** because they allege claims which are not presently before the court. The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for prospective injunctive relief (#41) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's related requests for injunctive relief (#45, #47, #56) be **DENIED**.

**DATED:** May 30, 2012.

_____
**UNITED STATES MAGISTRATE JUDGE**